UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NADIRAH SALEH MOHAMED HUSSAIN
and 907 YAFA DELI & GROCERY CORP.,

                        Plaintiffs,          COMPLAINT

                                               Case No.: 1:22-cv-

       -against-

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                        Defendants.
-----------------------------------------------------------------x

       The Plaintiffs, NADIRAH SALEH MOHAMED HUSSAIN and 907 YAFA DELI & GROCERY CORP., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

       1. Jurisdiction over this cause of action is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service (7 CFR § 279.7).

       2. The Plaintiff, NADIRAH SALEH MOHAMED HUSSAIN, is a resident of the County of Kings, City and State of New York and submits his Declaration of Plaintiff attached hereto.

       3. The Plaintiff, 907 YAFA DELI & GROCERY CORP., is a corporation duly licensed under the laws of the State of New York, with its principal place of business located at 907

Fulton Street, Brooklyn, New York 11238, wherein it owns and operates a retail deli/grocery/convenience store.

4. The Plaintiff, NADIRAH SALEH MOHAMED HUSSAIN, is the sole proprietor of the Plaintiff, 907 YAFA DELI & GROCERY CORP., in which he has invested his life saving to renovate this store premises with the installation of new furnishings, fixtures and equipment necessary for the operation of a retail deli/grocery/convenience store.

5. After establishing this business, under the name of 907 YAFA DELI & GROCERY CORP., on or about April 10, 2017 the Plaintiffs submitted an application in April, 2017, to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as a retail owner in the Food Stamp Program/Supplemental Nutrition Assistance Program. The Plaintiff's application was approved by the Defendants in June, 2017. Prior to the incidents that gave rise to this proceeding, the Plaintiffs' performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program has been exemplary and unblemished.

6. By letter of charges, dated November 3, 2021 the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food items on four (4) separate occasions, annexed hereto as Exhibit "A".

7. The Defendant's attached a Report of Positive Investigation with Investigative Transaction Reports to said letter indicating that on those four (4) occasions, September 23, 2021, September 27, 2021, September 30, 2021 and October 4, 2021 ineligible items had been sold, and as a result, the Plaintiffs' business was being considered for disqualification from the

Supplemental Nutrition Assistance Program for a period of six (6) months, or the imposition of a civil money penalty, if applicable, in lieu of the disqualification, said Investigative Transaction Reports are annexed hereto as Exhibit "B".

8. In response to the Defendant's letter of charges, Plaintiff, through his representative submitted a reply by email on November 13 , 2021, refuting the allegations of violations of the SNAP, requesting information pursuant to a FOIA demand contained therein, stating that the store would suffer economically if disqualified for six (6) months and requesting the imposition of a Civil Money Penalty (CMP) in lieu of the six (6) month SNAP disqualification.

9. By letter dated January 18, 2022, Sanela Ocanovic, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program, issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of the violations set forth in the letter of charges and Transaction Reports and denied Plaintiff's request for the imposition of a civil money penalty in lieu of the disqualification, copy of said letter is annexed hereto as Exhibit "C".

10. By letter dated January 31, 2022, Plaintiffs through their representative, requested an Administrative Review of the Retailer Operations Division's determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months and again requested the imposition of a civil money penalty in lieu of the disqualification, copy of said letter is annexed hereto as Exhibit "D".

11. The Defendants have now rendered a decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic

Benefit Transfer Food Benefits as contained in a Final Agency Decision letter dated and delivered on May 31, 2022, wherein they refused to impose civil money penalty (CMP) in lieu of the disqualification, a copy of which is annexed to the Complaint in this action as Exhibit "E".

12. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program for a period of six (6) months.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves and be given due process.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in accordance with the provisions of Title 7 United States Code §2023 and CFR §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program.

15. The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges categorically denying each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program for a period of six (6)

months as described in the letter of charges and Transaction Reports.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigators to obtain a positive identification during the four (4) instances wherein clerk(s) at this owner's store are alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Reports annexed hereto as Exhibits "A", "B", "C" and "D", worked in the store on the dates and times in question.

(b) The fact that all of the so-called ineligible items allegedly sold were inexpensive items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibits "A", "B", "C" and "D".

(c) The failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(d) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations.

(e) The failure to provide timely notice of evidence of violations where the complained acts occurred more than one (1) month prior to the letter of charges being delivered to Plaintiffs.

17. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental

5

Nutrition Assistance Program since 2017.

(b) The sanction of disqualification from participation in the Supplemental Nutrition Assistance Program for six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiffs are sustained.

(c) That according to Defendant's own records, common ineligible non-food items were sold only four (4) times over a twelve (12) day period and were of negligible value and negligible profit.

18. It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19. Additionally, it is also submitted that the charge of selling common ineligible non-food items as alleged in the Investigation Transaction Reports are incredible and untrustworthy.

20. It is important to note that on none of the visits to the store did the FNS "Investigator" video record or audio record his or her attempt to entrap the employees of this firm into accepting Supplemental Nutrition Assistance Program Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food item or to "trafficking" to wit, exchanging Food Stamps for cash.

21. It should also be noted that the Defendants employed the same FNS "Investigator" to entrap the employees of this firm into "trafficking" to wit, exchanging Food Stamps for cash on October 4, 2021, as noted in Exhibit "D", during which occasion the clerk refused to violate the SNAP regulations to benefit the undercover FNS Investigator by exchanging Food Stamp benefits for cash with the Investigator.

22. Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

1. On 9/23/2021, one (1) Packaged "S.O.S." Heavy Duty Extra-Thick Scrubber Sponge (1 ct), @ $ 1.99 and one (1) Box of "Sunset" Brands Heavy Weight Casual Premium Cutlery (24 Spoons), no price indicated), as noted in Exhibit "A".

2. On 9/27/2021, one (1) Packaged "Air Bar Lux" Strawberry Kiwi 5% (1 ct), no price indicated and one (1) roll of "Scott" Brand Unscented Bathroom Tissue (1000 Sheets Per Roll) no price indicated, as noted in Exhibit "B".

3. On 9/30/2021, one (1) Bottle of "Ajax" Ultra Lemon Dish Liquid, @ $ 2.00 and one (1) Package of "Sunset" Brands 16 oz Red Party Cups (20 ct) @ $ 3.00, as noted in Exhibit "C".

4. On 10/4/2021, one (1) Packaged "Mega V2 Frozen Blue Razz Smoking Device Disposable POD (1000 Puffs), @ $ 15.00, as noted in Exhibit "D".

That where the value of such items is of an amount of approximately $ 22.00, according to each of the Investigative Transaction Reports, there are no Benefits Trafficked and no Cash Received, and particularly compared to the failed attempts to entrap the employees of this firm into accepting SNAP benefits in exchange for cash on October 4, 2021 as stated in Exhibit "D" evidences that the penalty of a six (6) month disqualification is clearly excessive.

23. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent and successful business and the source of his livelihood for the meager sum earned by the sale of these ineligible items.

24. It is further alleged that the Defendant targeted this particular firm with no history of SNAP violations and attempted to entrap these particular clerks with limited knowledge of English, who had initially refused to engage in requested violations is patently unethical and prejudicial.

25. That to disqualify this owner for a six (6) month period, merely due to alleged

"carelessness and poor supervision", if it even occurred, will result in irreparable injury and damage to this Plaintiffs if this disqualification is imposed.

26. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program is arbitrary and capricious and is in violation of the Defendants' own Regulations.

27. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify this Plaintiff from the Supplemental Nutrition Assistance Program for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
       June 24, 2022

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 2306
New York, New York 10013
(917) 733-7701

8